I understand that counsel in Safeco Insurance Company v. M.E.S. et al. 182672 are present and so we can proceed with the oral argument. Immediately after this oral argument, we will adjourn and a newly reconstituted panel will come back for the remainder of the argument calendar in this courtroom. So we'll start with Mr. Confucione. Good morning. Good morning. Thank you for hearing the case. I rely primarily on the briefs we submitted, of course. I'd just like to cut right to the heart of what at least what I think is the primary issue before the court and the primary issue of my view is whether the court can sustain the non-legal damages finding at the damages hearing below the $3.4 roughly million dollar of damages. We're only appealing the scope or amount of the damages and essentially our argument, which we tried to laid out in the briefs, is as follows. New York law provides for recovery of damages in an indemnity agreement by a surety, okay, and their right to recovery, of course, has already been decided. We're not contesting that here. It's been resolved. But the issue of the scope of the amount of damages, New York law says, and it has said in a multitude of cases, that it has to be, quote, reasonable in amount. In other words, their expenditures have to be reasonable in amount. Essentially, our argument is as follows. The evidentiary record below, SAFCO came forward at the damages hearing, which Judge Chan, of course, ordered to be held, and SAFCO provided its invoices and said, here's all the costs we paid. But the problem is that the contract says prima facie evidence, okay? So in other words, if SAFCO had come in and submitted the same evidence it did at the damages hearing and my client, the defendant, said nothing, that would be enough to sustain Judge Chan's award. She could have found that it was reasonable under New York law. Our argument is more that because it says prima facie and because those same contracts have been interpreted under New York law as requiring the reasonable amount fined by the district judge, okay, or the trial court, if it's a state court, once my client rebutted that, showing a reasonableness. But isn't the point that Judge Chan didn't find that your client rebutted that? She didn't find the witnesses offered by your client to be credible, and she concluded that, notwithstanding any of the criticisms that were articulated against the bills, that she still could conclude that they were reasonable. I mean, so if we go – are we saying, Your Honor, at the damages hearing in that decision? The quantum hearing. The – yeah, okay. So if we go to that, I think if you really look at the damages hearing, which I think begins essentially on 44, what Judge Chan seemed to do to me when I really read the two opinions together, the summary judgment and the quantum hearing, in the summary judgment hearing, my view of it is that I think the judge was saying you haven't made a sufficient showing about the unreasonableness of the amount of damages to – so that safe goes right to indemnity. In other words, it's liability cases the plaintiff would be disrupted. It wasn't enough for that. What I'm saying is that the unreasonable amount portion of the damages really has to be assessed at the damages hearing itself. And in that score, if you really look at the decision, it says the court finds that McCool, which is the appellant here, has failed to show that any offset is due. See, I think – I think under my view in New York law, she's misapplying the law for this reason. Because it says prima facie evidence, okay, in the contract, and because these New York cases talk about reasonable amount, my view in New York law is as follows. Once they submit the invoices, if my client said nothing, it's enough. You can sustain the judgment. And if that happened below, I'd have no argument at all. My argument, though, is prima facie means if the production from the defendant is enough to rebut the showing of reasonableness, which I contend that it was for all the reasons I laid out, mostly even in the reply. I tried to point to specific things in the record that rebutted the showing of reasonableness. Essentially, on the two construction contracts, Your Honor, if you remember, on one of them, there was like a three-point – roughly a little over $3 million audited construction completion cost, okay, the record shows. And Safeco paid the contractor $9 million to complete the same project. The other one, they paid about $11 million to complete a project that was audited to cost only $6.4 million to complete. And this is in the record. This isn't just testimony. These were letters that my Under New York law, Safeco then has the burden to come forward with evidence to show and rebut again and show why this was reasonable. What I think's missing from the record – Did Judge Chen not, in effect, find that there was, you know, the prima facie evidence that was not rebutted by any admissible evidence, that was not rebutted by any real evidence? See, I don't think – I think – You say, I don't think. Well, okay, I'll rephrase, Your Honor. I understand where you're calling from. And it's not the easiest of cases, to be fair. I'm trying to analyze what Judge Chen did in these two decisions. When I look at S.A. 45 to 47, and the judge goes through her decision in the case, I don't think she's applying the reasonable amount burden on Safeco where we contend it belongs. In other words, under the way the indemnity contract works, once Safeco comes in with invoices, the burden shifted to my client to show, hey, there's an issue about reasonableness of amount. Once my client did that, it should have gone back on to Safeco. The Court could say, okay, to try to solve this legal issue that I've presented here on appeal, I think the Court could say, Your Honor, to your question, well, we agree with Judge Chen that the defendant didn't submit sufficient evidence to rebut the prima facie finding. You could say that. I don't think the Court should say it for the reasons I spelled out, especially in the reply brief, because I think the evidence my client ---- Once you say, it seems to me, that we could say it, then it strongly suggests that in an abuse of discretion world, that was within her discretion. So we could say it. Well ---- And if it's — if it was within her discretion, then it's very hard for us to say that that would be an abuse of discretion. I agree with Your Honor, except I think the point I'm making is that the judge really didn't apply New York law correctly. Okay. So I agree with Your Honor on that, and I know my time is up, so I'll sit down. But the one thing that I think is interesting to do is compare and contrast the two sides, okay? There were basically non-legal or construction completion costs, and then there were attorney's fees. On the attorney's fees, I don't have any of the same arguments I'm trying to make here. It's a standard garden variety we think the judge abused of discretion, but the record is sufficient. What I'm saying on the non-legal construction depletion cost side is that the fact that Safeco didn't present any evidence, not even an affidavit from the contractor saying, well, we understand the project was audited to cost $3 million, but we had to spend $9 million, and here's why. On what ground can we sustain the judge's finding that it was reasonable? That's my main argument. You've reserved three minutes for rebuttal. We'll hear from the other side. Thank you, Your Honors. Good morning, Your Honors. This is a frivolous appeal, and we need look no further than the brief itself to show that it is. And Judge Chen did thoroughly consider all the evidence. The fact that an appellant can sit here and make these broad statements that are completely unsupported by the evidence is sanctionable. In their brief in and of itself, they quote, on page 6 and 7 of their brief, all the facts you need as to why the decision below was well-reasoned and supported by the evidence. The brief talks about how Judge Chen heard testimony, considered documentary evidence. That's on page 3. And then on page 6 and 7, it goes through what the Court found on page 7. McCool offers nothing more than conclusory statements about Safeco's completion costs. Court noting that McCool presented no substantive discussion about constructive costs other than just saying they shouldn't get any because it was all done in bad faith. McCool makes the same arguments that he made on summary judgment, which the Court has already rejected. The Court finds that McCool fails to show any offset. What is going on here? I'm going to tell you what's going on. Your Honor, for 10 years, the MES defendants are satisfied to sit back and not comply with a single order of this Court. For 10 years, we have received summary judgment orders back in 2010 from Judge Ross, asking them to post collateral for $6 million, which they haven't posted a penny of. In 2014, the district court magistrate, Judge Scanlon, then affirmed by Judge Chen, had to file a 48-page contempt order against these defendants, fining them in contempt. And again, they haven't paid a penny towards any of the judgments, haven't complied with any of those orders. Judge Chen talked about that in considering the attorneys' fees, but you just said the brief and the arguments here are sanctionable, right? Absolutely. Are you seeking sanctions? We are, Your Honor. And because, again, on the face of the brief, they — Admitted something in writing? We have. We filed a motion for sanctions. And I can tell you the date of that, if you need. And we filed a motion for sanctions on May 28th of 2019. As the Court may recall, we already — What are you looking for in the way of sanctions? Our attorneys' fees and double the cost, Your Honor. I mean, we were before this Court back in December of last year, where they appealed again. What the record shows here is a history of vexatious litigation — Attorneys' fees covering what proceedings, what period? We're just asking for the attorneys' fees for this appeal. This appeal? Right. And it's over $100,000. Double costs on this appeal? Yes, Your Honor. And if you look at their brief, again, as I said, let me give you an example of why this is so vexatious. They don't attempt to show any clear error by the Court whatsoever, that somehow the Court's interpretation doesn't rest on a plausible interpretation of the evidence, which is what they're required to do under the clear error standard. All they want to do is re-argue their facts again and have the Court hear it. And there's no basis for it whatsoever. I'll give you some great examples to show you how — that the Court need look no further. Again, on page 6 and 7 of their brief, in and of itself, starting — really, if you just read the statement of the facts, starting on page 3, they talk about that the judge heard the testimony of attorneys, that the judge heard five — you know, there were five attorneys, five affidavits that were known. There was a 65-page narrative with 25 categories and subcategories for the attorneys' fees. More than 10,000 billing entries were submitted, five supporting affidavit, 2,126 pages of supporting invoices, plus evidentiary support of Safeco's primary claims counsel who testified as to each and every damage incurred, gave the reason they were incurred, how they were incurred, why they were incurred. Just look at Judge Chen's 46-page opinion to see how well-reasoned it is. In this case a couple of years ago, is MES solvent? They claim that they haven't been solvent. When we received the summary judgment orders in 2010, since 2012, they claim they haven't been and that they've been living off loans, yet they've been able to proceed for another seven years in all of this vexatious litigation, not paying one penny. And I'll remind this Court that when they appealed the liability portion of this judgment — and we had the hearing back in, I think it was November, and the decision was issued in December — the court sua sponte issued sanctions. And undeterred, they came back for another appeal. And if you look at the end of Judge Chen's quantum damages decision, she warns them at the end, you have a history of litigating every issue. Don't come back to me for a motion for reconsideration unless it's well thought out. Well, let me tell you what they've well thought out. In their brief, they talk about, oh, let's talk about the completion costs. We have audited financial statements. They show these completion costs were not correct. Well, let's look at that. If you look at Exhibit T and its base stamps, it starts on A1723. You need go no further than A1725. And all this is — I'm sorry, page A1725. So in their brief, they're saying — and this is what I think is sanctionable. Two things I'm going to show you. In their brief, they say, oh, the court didn't consider these audited statements of completion costs, which is a novel theory in and of itself because they're looking at 2015 audited statements — I'm sorry, 2005 audited statements about costs incurred in 2009. And all it is is Mr. McCool's rendition of what the contract balances are and his rendition of what he's completed. And in their brief, they're saying there's audited statements that say the completion costs were less than what it was. And the audited statement on page A1725 says, our audit was made for the purpose of forming an opinion on the basic financial statements taken as a whole. Exhibits D, E, and F are presented for the purpose of additional analysis and are not a required part of basic financial statements. Such information has not been subjected to the auditing procedures applied in the audit of the basic financial statements, but was compiled from the information that is the representation of the owner. Accordingly, we do not express an opinion or any other form of assurance of the supplemental information. And then if you go to page A1737 and A1738, the pages they're relying on, those are exhibits E and F. So in their brief, they're saying, oh, there's these audited — they're not. The other point, for example, is they talk about the attorney's fees. And they say, well, we presented an expert. They didn't. And there's clear error or abuse of discretion because the judge didn't consider the expert testimony of my guy. Well, not only is that on the face of the brief again thwarted, if you look at page 6 of their brief, they even quote the judge who says the court rejects the defense expert's conclusions, meaning the judge considered and rejected expert's conclusions that a fee reduction is warranted. She goes on to explain why, about her assessment of the reasonableness of the fees, and especially given the court's extensive familiarity with the indemnity litigation. So in sum, for the reasons discussed in sections below, we find the fees sought by Safeco in connection with this exceedingly prolonged and contentious multimillion-dollar indemnity litigation, fueled in large part by — We can read that ourselves.  Anything further? And let me add the one point. So then they talk about, well, we didn't consider his testimony. Look at the transcripts, Your Honor. And if you look at the transcripts at page A4, starts on 476 through 478, he says — their expert says that he determined reductions in the hours in his head. He had no written documents whatsoever. And if you look at their brief on page 43 and 44, their expert's reductions that they want to make are to the penny, undocumented expenses, $318,254.67. So we're supposed to believe Mr. Tasher, who on testimony said that he determined reductions in the hours in his head. So when you make a contention that the bills contain thousands of block billings or give other quantities, including the recommended reductions, the information is essentially what you've retained in your head. Answer, correct. Thank you very much. Thank you, Your Honor. I hate to — Is there a pending motion for sanctions? So she filed a motion for sanctions after I had already filed my brief and after she had already written her brief. And I filed a very lengthy, which I apologize, declaration as an officer of the court. Look, I'm an appeal lawyer, first of all. The only other appeal I've been involved in in this case was the last appeal this Court had, which I think Your Honor was on. That case was a different case, technically, and it was about liability. I'm not contesting liability, but I am appealing on my client's behalf the amount of the damages that were awarded. The judge held an evidentiary hearing. It's a lot of money. It's bankrupted my client. And he has a right to appeal. And I — When you say it's bankrupted your client, what do you mean? Well, I understand that he's basically on the verge of bankruptcy. That's what he's told me. And, you know, I made the best arguments as an officer of the court that I saw from this record. And, frankly, I don't really appreciate — I understand the litigation below his contention, but I wasn't involved in that. I've done a lot of appeals and a lot of courts. I've never even been questioned with sanctions, let alone received any. And I think if the court reads my brief, it may disagree with it. And that's fine. That's part of the nature of the appeal process. But I urge you to read my declaration. I didn't even come close to anything that's sanctionable. And all this is, is a tactic to tell MES, don't — you have — don't appeal. I mean, if it was a frivolous appeal, I wouldn't be here standing here. That doesn't mean the court's going to agree with it. But it's a damages appeal, and it's not — and, by the way, most of the argument from my adversary, besides being ridiculously personal against me and basically conflating my role in this case, OK — but beyond that, her arguments are fine. They go to the merits of the case. But things like, oh, it's frivolous to argue that the judge abused her discretion on attorney's fees, I mean, that's just a garden-variety argument. And I understand the hurdle is high, and I acknowledge that in the brief. But he has a right to have this court review that issue. And on the other issue with the non-construction — the non-legal cost, the construction completion cost, my argument is really a legal argument about New York law and what New York law requires. And my argument there is, they didn't submit any evidence from the general contractor to at least explain, this is why this project cost $9 million, not $3, as it was audited. A lot — and, frankly, my adversary totally distorts what the record is. It's not me that's distorting the record. Read through my briefs in the reply brief. If the court doesn't agree with it, I don't understand. But I don't like sitting here as an attorney for 25 years and having my integrity impugned by an adversary that uses it as a bully tactic, because that's all it is. And on that, I rest. Thank you. Thank you, Your Honor. On consideration and with the benefit of oral argument, the judgment of the district court is affirmed. We'll reserve decision on the — on any motions for costs and fees. Court is adjourned, and a newly constituted panel will come back shortly.